**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SANDY YUWONO<br>*on behalf of himself, FLSA Collective Plaintiffs,*<br>*and the class,*<br><br>Plaintiff,<br><br>v.<br><br>998LQ SUSHI INC.,<br>    d/b/a OKINII,<br>XIANG QIU, and<br>YONG FENG LIU<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, SANDY YUWONO  (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, 998LQ SUSHI INC., d/b/a OKINII, ("Corporate Defendants"), XIANG QIU and YONG FENG LUI ("Individual Defendants") and states as follows:

### INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime compensation; (2) unpaid wages

due to invalid tip credit; (3) unlawfully retained gratuities; (4) liquidated damages; and (5) attorney's fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage; (2) unpaid overtime compensation; (3) unpaid wages due to invalid tip credit; (4) unlawfully retained gratuities; (5) unpaid spread of hours premium; (6) statutory penalties; (7) liquidated damages; and (8) attorney's fees and costs.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5.      At all relevant times herein, Plaintiff YUWONO, was and is a resident of Queens County, New York.

6.      Defendants collectively own and operate a Japanese Restaurant under the tradename "Okinii" located at 216 Thompson Street, New York, NY 10012.

7.      Defendants operate the Restaurant through Corporate Defendant 998LQ SUSHI INC., d/b/a OKINII, a domestic business corporation organized under the laws of New York with a principal place of business and an address for service of process located at 216 Thompson Street, New York, NY 10012.

8.      Individual Defendant XIANG QIU is a principal and executive officer of Corporate Defendant. XIANG QIU exercises operational control as it relates to all employees

including Plaintiff, FLSA Collective Plaintiffs, and the Class. XIANG QIU frequently visits the Restaurants. XIANG QIU exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurants could complain to XIANG QIU directly regarding any of the terms of their employment, and XIANG QIU would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. XIANG QIU exercised functional control over the business and financial operations of Corporate Defendants. XIANG QIU had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

9.      Individual Defendant YONG FENG LIU is a principal and general manager of Corporate Defendants. YONG FENG LIU exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. YONG FENG LIU frequently visits the Restaurants. YONG FENG LIU exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurants could complain to YONG FENG LIU directly regarding any of the terms of their employment, and YONG FENG LIU would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. YONG FENG

LIU exercised functional control over the business and financial operations of Corporate

Defendant. YONG FENG LIU had the power and authority to supervise and control supervisors

of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

10.     At all relevant times, Corporate Defendant was and continues to be an "enterprise

engaged in commerce" within the meaning of FLSA, NYLL, and regulations thereunder.

11.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs,

and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section

16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including delivery persons,

servers, runners, bussers, cashiers, porters, cooks, line-cooks, food preparers, sushi makers, and

dishwashers) employed by Defendants on or after the date that is six years before the filing of the

Complaint in this case, as defined herein.

13.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have

been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in unpaid wages, including overtime

premium. The claims of Plaintiff stated herein are essentially the same as those of the other

FLSA Collective Plaintiffs. A subclass of tipped employees has a claim for: (i) unpaid wages due

to an invalid deducted tip credit; (ii) unlawfully retained gratuities; (iii) liquidated damages; and

(iv) attorney's fees and costs. The claims of Plaintiff stated herein are essentially the same as

those of the other FLSA Collective Plaintiffs.

14.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.     Plaintiff brings claims for relief pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including delivery persons, servers, runners, bussers, cashiers, porters, cooks, line-cooks, food preparers, sushi makers, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case, as defined herein (the "Class Period").

16.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently based are within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped

employees ("Tipped Subclass") who also number more than forty (40). Plaintiff YUWONO is a member of the Class, and is a member of the Tipped Subclass.

18.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of: (i) failing to pay wages due to invalid tip credit deductions; (ii) unlawfully retained gratuities; (iii) failing to provide proper wage statements per requirements of NYLL; (iv) failing to provide proper tip notices to class members; and (v) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

19.    Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

20.    With regard to Plaintiff YUWONO and the Tipped Subclass, Defendants also failed to pay the proper minimum wage because Defendants were not entitled to claim any tip credit as they failed to meet the statutory requirements under NYLL. Plaintiff YUWONO and the Tipped Subclass similarly suffered from Defendants' failure to pay the proper minimum wage due to Defendants' invalid tip credit allowance, because Defendants: (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked during a given shift each workweek; (iii) illegally retained tips; (iv) failed to provide proper wage statements clearly indicating tip

credit allowance for each payment period; and (v) failed to accurately keep track of daily tips earned and maintain records thereof.

21.      Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

22.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.     Defendants and other employers throughout the state violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a.  Whether Defendants employed Plaintiff and the Class within the meaning of New York law and applicable state laws;

      b.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

      c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

      d.  Whether Defendants properly notified Plaintiff and Class members of their hourly rates ;

      e.  Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

f.  Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked;

g.  Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members the prevailing minimum wage;

h.  Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members overtime premium for hours worked in excess of forty (40) per week;

i.  Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members spread of hours premium;

j.  Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

k.  Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

l.  Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% or two hours of their work shift;

m.  Whether Defendants provided proper wage statements informing: i) tipped employees of the amount of tip credit allowance for each payment period; and (ii) all non-exempt employees of information required to be provided on wage statements as required under NYLL and applicable state laws; and

n.  Whether Defendants provided proper wage and hour notice to employees,

including, among others, the rate of compensation, trade name of employer,

pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

25.    Plaintiff was hired by Defendants to work as a Busboy for Defendants "Okinii"

Restaurant located at 216 Thompson Street, New York, NY 10012. Plaintiff was employed two

terms, (i) a first term from January 17, 2017 to June 2018 ("First Term"); and (ii) a second term

from August 19, 2021 to October 27, 2021 ("Second Term").

26.    During his employment, Plaintiff was scheduled to work as follows:

(i) For the First Term, Plaintiff was scheduled to work six (6) days per week from

10:45 a.m. to 12:00 a.m. for a total of seventy-nine and half (79.5) hours per

week.

(ii) For the Second Term, Plaintiff was scheduled to work five (5) days per week

from 10:45 a.m. to 12:00 a.m. for a total of sixty-six (66) hours and twenty five

(25) minutes per week.

27.    During his employment, Plaintiff was compensated as follows:

(i)    During the First Term, Plaintiff was compensated at a straight rate of $15

per hour. Even though Plaintiff was working in excess of forty (40) hours per

week, Defendants failed to compensate Plaintiff at the statutory overtime

premium of one and a half. Similarly, FLSA Collective Plaintiffs and Class

members were paid at a straight time wage for hours worked in excess of forty

(40) per week.

(ii)    During the Second Term, Plaintiff was compensated $50 per day. Plaintiff was compensated on a fixed daily basis regardless of the number of hours worked in any given week. Plaintiff's fixed daily pay for this period averaged out to approximately $3.77 per hour, below the prevailing minimum wage of $15 that Plaintiff was entitled to. At all times during this period, Plaintiff and Class members were paid below the prevailing minimum wage that Plaintiff and Class members were entitled to. Although Plaintiff regularly worked in excess of forty (40) hours per workweek, Defendants never paid him overtime premium for weeks that he worked in excess of forty (40) hours, as required under FLSA and NYLL. There was never any agreement that the fixed daily salary that Defendants paid Plaintiff covered the overtime hours in excess of forty (40) that Plaintiff worked each week.

28.    Throughout Plaintiff's second period of employment with Defendants, he was compensated at a tipped credit minimum wage rate. However, Defendants did not properly compensate Plaintiff for tip credit. As a result, Plaintiff was paid below minimum wage, while Defendants claimed invalid tip credit.

29.    During Plaintiff's second period of employment from September 19, 2021 to October 27, 2021, Defendants compensated Plaintiff on a tipped credit basis. Nevertheless, Defendants were not entitled to claim any tip credit allowance under FLSA or NYLL because Defendants: (i) failed to properly provide tip credit notice at hiring and annually thereafter: (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties in excess of two hours or 20% of the total hours worked each shift; (iii) failed to

provide proper wage statements clearly indicating tip credit allowance for each payment period; and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

30.    Specifically, Plaintiff was required to engage more than two hours or 20% of his working time performing non-tipped related activities, such as working at the cash register, accepting and unloading deliveries, dishwashing, and polishing cutlery and crockery. Even though Defendants required Plaintiff and Tipped Subclass employees to engage in non-tipped activities in excess of two hours or 20% of the total hours worked each shift, Defendants improperly claimed tip credit for all hours worked by tipped employees.

31.    Moreover, during Plaintiff's Second Term of employment by Defendants, Plaintiff and tipped Subclass members received every week a percentage of tips below the required tip credit compensation. On a regular basis, the amount of tips that Plaintiff and tipped Subclass members received would not cover the required minimum wage. Because Plaintiff's wage was equivalent to $3.77 per hour, Defendants' tip allowances exceeded the maximum accepted by NYLL.

32.    During his employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under NYLL

33.    At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wage statements as required by NYLL.

34.    At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper tip notices as required by NYLL.

35.     At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wages notices, at the beginning of employment and annually thereafter, as required by NYLL.

36.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

37.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

38.     Defendants knowingly and willfully operated their business with a policy of not paying the prevailing minimum wage, as required by NYLL.

39.     Defendants knowingly and willfully operated their business with a policy of not paying overtime premiums, as required by FLSA and NYLL.

40.     Defendants knowingly and willfully operated their business with a policy of not compensating spread of hours premium, as required by NYLL.

41.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

42.     Plaintiff realleges and reavers Paragraphs 1 through 41 of this Class and Collective Action Complaint as fully set forth herein.

43.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA,

29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

45.    At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

46.    At all relevant times, Defendants had a policy and practice that failed to pay wages due to invalid tip credit to Plaintiff and FLSA Collective Plaintiffs.

47.    At all relevant times, Defendants had a policy and practice of unlawfully retaining Plaintiff and FLSA Collective Plaintiffs' gratuities.

48.    At all relevant times, Defendants had a policy and practice of failure to pay Plaintiff and FLSA Collective Plaintiffs' overtime premiums.

49.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

50.    Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs proper wages, including overtime, when Defendants knew or should have known such was due.

51.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

52.    As a direct and proximate result of Defendants' willful disregard of FLSA,

Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

53.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, unpaid wages due to invalid tip credit, tip retentions and deductions, plus an equal amount as liquidated damages.

54.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

55.     Plaintiffs reallege Paragraphs 1 through 54 of this Class and Collective Action Complaint as if fully set forth herein.

56.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

57.     At all relevant times, Defendants engaged in a policy and practice of paying below the prevailing minimum wage, in direct violation of NYLL.

58.     At all relevant times, Defendants engaged in a policy and practice of not paying overtime premiums, in direct violation of NYLL.

59.     At all relevant times, Defendants engaged in a policy and practice of not paying spread of hours premium, in direct violation of NYLL.

60.     Defendants engaged in a policy and practice of refusing to pay Plaintiff and tipped Subclass members the New York City minimum wage due to invalid tip credit.

61.     Defendants willfully violated the rights of Plaintiff and tipped Subclass members

by retaining gratuities, in direct violation of NYLL.

62.    Defendants knowingly and willfully operated their business with a policy of not providing Plaintiffs and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

63.    Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and tipped Subclass members proper tip notices, at date of hiring and annually thereafter, as required under NYLL.

64.    Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under NYLL.

65.    Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unlawfully retained meal credits.

66.    Due to Defendants' NYLL violations, Plaintiff and tipped Subclass members are entitled to recover from Defendants unpaid wages, including overtime premiums, unpaid spread of hours premium, unpaid wages due to tip credit, unlawfully retained gratuities, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully request that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid minimum wage under NYLL;

d.   An award of unpaid overtime premium under FLSA and NYLL;

e.   An award of unpaid spread of hours under NYLL;

f.   An award of unpaid wages due to invalid tip credit deductions under NYLL;

g.   An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

h.   Designation of Plaintiff as Representatives of FLSA Collective Plaintiffs;

i.   Designation of Plaintiff as Representatives of the tipped Subclass members;

j.   Designation of this action as a class action pursuant to F.R.C.P. 23;

k.   Designation of Plaintiff as Representatives of the Class; and

l.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: January 14, 2022
    New York, New York

Respectfully submitted,

By:  /s/ *CK Lee*

C.K. Lee, Esq.
**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*