

**LEE LITIGATION GROUP, PLLC**
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

**MEMORANDUM ENDORSED**

WRITER'S DIRECT:   212-465-1188
cklee@leelitigation.com

January 5, 2022

**Via ECF**

The Honorable Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

      Re:   *Yuwono v. 998LQ Sushi Inc. et al.*
             Case No. 1: 22-cv-00389 (GHW)

Dear Judge Woods:

      This office represents Plaintiff in the above-referenced matter and we write jointly with Defendants (the "Parties") to request that: 1) Your Honor assist in resolving a discovery dispute; 2) the stay be lifted, and this matter restored to Your Honor's active calendar; and 3) that a briefing schedule be issued for Plaintiff's motion for conditional collective certification.

      Pursuant to Rule 2(C)(ii) of Your Honor's Individual Rules of Practice, the Parties met and conferred, but were unable to resolve the discovery dispute. Specifically, on December 28, 2022, counsel for Defendants, Mr. Zhou Wang, Esq., and counsel for Plaintiff, Mr. James Jackson, Esq. met-and-conferred telephonically for ten minutes to discuss Defendants' objections to producing class-wide discovery or class-wide responses to Plaintiff's Request for Interrogatories. In their discovery responses, Defendants' primary objection to producing class-wide responses and production was that since a class was not yet certified, such class-wide discovery "was not relevant to this litigation."

      However, Defendants' position is contrary to precedent in this jurisdiction. As the Court noted in *Van Elzen v. Revimedia, Inc.,* "in order to obtain pre-certification discovery concerning class issues, the plaintiff must show that "such discovery would be relevant to [his] future motion for class certification." However, he is not required to show that he will succeed on that future motion." No. 17-CV-2131 (PGG) (BCM), 2018 U.S. Dist. LEXIS 132007, at *11 (S.D.N.Y. Aug. 3, 2018) (quoting *Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc.*, 36 F. Supp. 3d 417, 421 (S.D.N.Y. 2014)).

      Plaintiff's requests for class discovery are clearly relevant and proportional to the allegations in Plaintiff's Class and Collective Action Complaint, as the case was pled as a class action, and plaintiffs are required to provide courts with "sufficient information to determine whether certification is appropriate." *See Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198, 2007 U.S. Dist. LEXIS 37642, at *9 (S.D.N.Y. May 24, 2007); *see also Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, at *2 (S.D.N.Y. Sept. 9, 2016)(VSB); *Calabrese v.*

*CSC Holdings, Inc.*, No. 02 Civ. 5171, 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. Mar. 7, 2007); *Santiago v. Rivka, Inc.*, No. 15 Civ. 9184, Dkt No. 51 (S.D.N.Y. May 26, 2016).

Moreover, the overwhelming weight of authority in the Second Circuit, facilitates pre-certification class discovery in FLSA and NYLL cases. *See e.g., Uraga v. Amici 519 LLC*, No. 17 CV 3547 (S.D.N.Y.); *Rodriguez v. Castle Check Cashing Corp.*, No. 17 CV 9930 (S.D.N.Y.); *Huitzil v. Pak O Avenue Corp.*, No. 17 CV 529 (E.D.N.Y.); *see also Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. 2016). Therefore, Plaintiff requests a pre-motion conference concerning discovery, or in the alternative requests that the Court compel Defendants to produce the class discovery requested by Plaintiff.

Moreover, as the court is aware, the Parties attended mediation on December 9, 2022, with Rebecca Price, Esq., but were unable to resolve the matter. *See* Final Report or Mediator, [Dkt 36], dated December 9, 2022. The Parties therefore request that the stay be lifted and request leave to submit a new proposed discovery plan.

Additionally, the Parties conferred regarding Plaintiff's motion for conditional collective certification, and jointly propose the following briefing schedule:

- January 13, 2023  -  Plaintiff's Motion
- January 27, 2023  -  Defendants' Opposition
- February 3, 2023  -  Plaintiff's Reply

We thank the Court for Its attention to this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF

---

Application granted in part.

First, the Court hereby schedules a conference for January 13, 2023, at 4:00 p.m. to discuss the discovery issue raised in this letter. The conference will be conducted by telephone. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. Defendants may, but need not, file a letter up to three pages in length laying out their view of the relevant law in advance of this conference. If they choose to do so, that letter must be filed no later than January 10, 2023.

Second, the court hereby lifts the stay of this case. The parties are directed to submit a proposed updated discovery plan for the Court's review no later than January 10, 2023.

Third, the Court declines to adopt the parties' proposed schedule for briefing the conditional collective certification issue. Instead, the Court anticipates setting a schedule for briefing of that issue at the January 13, 2023 conference. As a result, Plaintiff should not file its motion in advance of that conference.

The Clerk of Court is directed to lift the stay of this case on the docket and to terminate the motion pending at Dkt. No. 37.
SO ORDERED.

Dated: January 6, 2023
New York, New York

GREGORY H. WOODS
United States District Judge